SACK, Judge.
The appellant husband complains that the allowance of alimony to his wife of one month and twenty-four days is unjust, and that such alimony, together with the sums required to be paid by him for child support and his wife’s attorney’s fees, exceed his net income.
The final decree of divorce requires that he pay $75.00 per month as alimony for six months, during which he would be making installment payments to the wife’s attorney. Thereafter it would increase to $100.00 per month. Child support of $50.00 per month was decreed from the outset. Our calculations show that during the first six months, after making payments under the decree, and after deducting other fixed expenses, the husband would have left $49.47 per month, while after the first six months he would have left over $74.47.
The decree simply finds that the wife was not employed at that time, but there is no finding as to whether she can work or *593 what she could earn. However, the decree reserves jurisdiction to modify all of the monetary provisions of the decree.
This is clearly one of those cases in which there is simply too little money to divide up, and we cannot substitute our judgment for that of the Chancellor in such a situation. If there are changed circumstances, arising out of the employment of the wife, the way is clearly open to apply for relief under the reservation of jurisdiction.
Affirmed.
RAWLS, C. J., and JOHNSON, J., concur.